EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
SEGUNDO PACHECO, acusado y apelante.

No. 3785.—*Sometido:* Junio 18, 1929. *Resuelto:* Febrero 7, 1930.

*R. Martínez Nadal* y *Leopoldo Tormes,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Segundo Pacheco fué convicto del delito de violación y sentenciado a sufrir una pena de doce años de presidio. Los

primeros seis errores señalados por el apelante levantan la cuestión de la participación excesiva e injusta del juez sentenciador en el examen de los testigos. El fiscal de esta corte conviene con los letrados del apelante en que la actuación de que estos últimos se quejan fué perjudicial al acusado, y recomienda la revocación de la sentencia.

Una lectura cuidadosa de los autos nos ha convencido de que el juez de distrito se excedió en los límites de lo correcto en el examen de un número de testigos, incluyendo al mismo acusado.

Hemos llegado a esta conclusión en contra de nuestro deseo. La intervención de la corté en el examen de los testigos fué más que contrarrestada en algunas ocasiones por la disposición de parte de los letrados de la defensa de irritar al juez. En tales ocasiones, nuestras simpatías han estado con la corte más bien que con los abogados. Cualquiera de los incidentes señalados como error no justificaría por sí solo la revocación.

La acusación imputa la comisión del delito por medio de fuerza y violencia. También dice que la perjudicada había sido impedida de oponer resistencia por amenazas de grave e inminente daño personal, acompañada de la aparente aptitud para ejecutarlas.

En el interrogatorio directo de la perjudicada se hizo mención de un revólver y de ciertas amenazas, pero no hubo indicación alguna de que la perjudicada hubiese sido impedida en esa forma de ofrecer resistencia. Por el contrario, su declaración tendió a demostrar que ella opuso resistencia y que la misma fué vencida por fuerza y violencia.

En la repregunta, en el curso de la cual no se hizo referencia a ninguna amenaza hecha en el momento de la comisión del delito o inmediatamente antes, el juez comenzó por preguntar a la testigo por qué se había sometido a la voluntad de Pacheco. La respuesta, reiterada en varias ocasiones, fué, en síntesis, que ella había opuesto resistencia, pero que había sido vulnerada. Mediante insistentes preguntas, la corte

finalmente extrajo la declaración de que la testigo se había sometido por temor, y la información adicional de que este temor había sido inspirado por amenazas hechas por Pacheco.

Las instrucciones al jurado contenían una presentación vigorosa de este aspecto del caso. Las instrucciones expusieron la ley correctamente, pero la forma en que fueron dadas, considerada en relación con el incidente arriba reseñado y con el efecto acumulativo de los otros extremos de que se queja el apelante, incluyendo la repregunta del acusado por parte de la corte, hace imposible decir que el acusado tuvo un juicio justo e imparcial.

En vista de la conclusión a que llegó el fiscal y de su recomendación, basada en la doctrina enunciada en un número uniforme de nuestras propias decisiones, no creemos necesario exponer los detalles.

Véanse los casos de *El Pueblo* v. *Rodríguez,* 11 D.P.R. 235; *Butler* v. *Sorongo,* 28 D.P.R. 84; *El Pueblo* v. *Acevedo,* 35 D.P.R. 966; *El Pueblo* v. *Santos y Natalí,* 36 D.P.R. 382, y *El Pueblo* v. *Tirado,* 38 D.P.R. 887.

*La sentencia apelada debe ser revocada y devolverse el caso para un nuevo juicio.*